Opinion delivered May 19, 1886.

---

[No. 3679.]

### JOHN NELSON *v.* THE STATE.

PRACTICE—APPEAL—JUDGMENT NUNC PRO TUNC entered in a justice's court, at a term subsequent to the trial, will support an appeal to the county court, wherefore the latter court erred in dismissing an appeal from a justice's court because no notice of appeal was given in the justice's court at the trial, and prior to the rendition of a valid final judgment in the case.

APPEAL from the County Court of Llano. Tried below before the Hon. J. C. Oatman, County Judge.

The conviction in this case was for selling beer on Sunday. The penalty assessed against the appellant was a fine of twenty-five dollars. The opinion discloses the case.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Prosecution was instituted against appellant by complaint in a justice's court, for selling beer on Sunday. Being convicted, he appealed to the district court, where his appeal was dismissed for want of a final judgment in the justice's court. On motion of the county attorney a judgment final was entered *nunc pro tunc* in the justice's court, and appellant again appealed from the last judgment to the county court, which latter court had in the mean time, it seems, acquired jurisdiction of the case. In the county court a motion to dismiss the appeal was sustained upon the fourth ground, we take it, as set out in the motion, viz: "Because no notice of this appeal was given at the time and during the term this cause was tried in the justice's court."

Appellant had, it seems, never appealed from a valid final judgment. When a valid final judgment was rendered in the justice's court against him, no matter whether at the same term when the trial was had or not, he had a right to appeal from that judgment. This he did on July 18, 1885, when the final judgment *nunc pro tunc* was rendered by the justice, by giving notice of appeal and filing his appeal bond in the justice's court on said day.

It was error to dismiss the appeal, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*